569 S.E.2d 149

**Margaret TOPPINGS, et al., Plaintiffs**

v.

**MERITECH MORTGAGE SERVICES, INC., a corporation, and division of Saxon Mortgage, Inc., et al., Defendants**

No. 30108.

Supreme Court of Appeals of West Virginia.

June 19, 2002.

Concurring Opinion of Justice Maynard July 8, 2002.

PER CURIAM.

This case involves a certified question from the Circuit Court of Lincoln County, in Civil Action No. 00–C–146.

The certified question is as follows:

Whether a lender's form compulsory arbitration clause or rider, which mandates that all disputes arising out of a consumer transaction be submitted to a lender-designated decision maker compensated through a case-volume fee system whereby the decision maker's income as an arbitrator is dependent on continued referrals from the creditor, so impinges on neutrality and fundamental fairness that it is unconscionable and unenforceable under West Virginia law.

The trial court answered the question in the affirmative.

On June 13, 2002, this Court issued an opinion in the case of *State ex rel. Dunlap v. Berger,* 211 W.Va. 549, 567 S.E.2d 265 (2002). Based on the opinion in *Dunlap,* and particularly in light of the discussion at footnote 12 therein, the Court is of the opinion that the Circuit Court of Lincoln County correctly answered the certified question, and accordingly this matter is dismissed and the case is remanded to the circuit court.

Justice MAYNARD would issue a full opinion in this case.

Question Answered, Dismissed and Remanded.

MAYNARD, Justice, concurring.

(Filed July 8, 2002)

This is my first separate opinion that is longer than the majority opinion. As a matter of fact, it is the brevity of the majority opinion that concerns me. Specifically, I fear that the majority opinion, with its lack of discussion or clarification, may be misused to discourage compulsory arbitration clauses.

If so, this would be a most unfortunate result.

The specific facts of the instant case must be emphasized. As stated in the certified question, the compulsory arbitration clause at issue mandated that all disputes arising out of a consumer transaction be submitted to a lender-designated decision maker. Further, this lender-designated decision maker was compensated through a case-volume fee system whereby the decision maker's income as an arbitrator was dependent on continued referrals from the lender. This Court finds that this one-sided system violates notions of neutrality and fundamental fairness, and I agree.

However, the majority opinion should not be read to disallow compulsory arbitration clauses or riders per se. The law of West Virginia favors arbitration as well as other forms of dispute and conflict resolution by which parties can resolve problems without resorting to the courts for relief. As long as compulsory arbitration clauses are knowingly agreed to and provide for a fair and neutral arbitrator, courts simply should not get involved. I believe that this is true regardless of whether the loan itself is prime or subprime and as long as the loan agreement itself is not unethical or illegal.[1]

I also find it regrettable that the majority opinion bases its decision on a footnote from another recent decision of this Court. Undoubtedly, language in a footnote is mere dicta, or less, and it should not form the basis of an opinion of this Court in another case absent a complete discussion of the applicable law. More significantly, I believe that the form of the majority opinion violates our State Constitution. According to Article VIII, Section 4 of the Constitution of West Virginia:

When a judgment or order of another court is reversed, modified or affirmed by the court, every point fairly arising upon the record shall be considered and decided; the reasons therefor shall be concisely stated in writing and preserved with the record; and it shall be the duty of the court to prepare a syllabus of the points adjudicated in each case in which an opinion is written and in which a majority of the justices thereof concurred, which shall be prefixed to the published report of the case.

The majority opinion does not state the reasons for the decision nor does it provide a syllabus of the points adjudicated. In short, I hope that this type of cursory opinion does not become the standard practice of this Court.

Accordingly, I concur to the majority opinion inasmuch as it applies only to the very narrow facts of this case. I caution, however, that parties should not attempt to use it in the future to extricate themselves from fair compulsory arbitration clauses knowingly entered into.

---

1. It has been explained:

> Subprime lenders loan to those borrowers with past credit problems or low income at a higher cost than conventional mortgage loans....
>
> The transformation from subprime lending to predatory lending occurs when lenders employ unethical and/or illegal tactics to secure the loans or offer subprime loans to those who qualify for prime loans.

Anna Beth Ferguson, *Predatory Lending: Practices, Remedies and Lack of Adequate Protection for Ohio Consumers*, 48 Clev. St. L.Rev. 607, 609 (2000).